Hossain v. Garland

BIA
A206 370 211

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty-three.

PRESENT:
> DENNIS JACOBS,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

SHAHADAT HOSSAIN,
> *Petitioner*,

v.                                                                      **21-6559**
                                                                        **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**     Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sunah Lee, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shahadat Hossain, a native and citizen of Bangladesh, seeks review of a September 22, 2021, decision of the BIA denying his motion to reopen his removal proceedings. *In re Shahadat Hossain*, No. A206 370 211 (B.I.A. Sept. 22, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

The only decision before us is the BIA's denial of Hossain's motion to reopen. *See* 8 U.S.C. § 1252(b)(1); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). Hossain does not mention that motion, much less challenge the BIA's findings that the motion was untimely, his individualized evidence did not overcome the

underlying adverse credibility determination, and his country conditions evidence did not demonstrate a change in conditions in Bangladesh as required to excuse his untimely filing.  We consider abandoned and will not reach "any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment."  *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted).  Accordingly, we deny the petition.  *Id.* at 684 ("Under the party-presentation rule, we normally decide only questions presented by the parties and may play only a modest initiating role in shaping the arguments before us." (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3